**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br>COCORIO LLC,<br><br>Debtor. | CASE NO. 26-03250 MAG11<br>Chapter 11—Subchapter V<br><br>FILED & ENTERED ON 9/30/2026 |

**OPINION AND ORDER**

On July 15, 2026, Cocorio, LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 Subchapter V of the Bankruptcy Code. Dkt. #1. On August 4, 2026, creditor Geraldo Alberto Medero González ("Movant") filed an Emergency Motion to Dismiss Chapter 11 Petition with Prejudice (the "MTD"). Dkt. #14. On August 7, 2026, the court gave Debtor fourteen (14) days from notice of such order to file an opposition to the MTD, if needed. Dkt. #17. Debtor timely filed its opposition (the "Opposition"). Dkt. #26. Accordingly, the court scheduled an evidentiary hearing for September 17, 2026, and ordered both parties to submit a joint pretrial report seven (7) days prior to the hearing. Dkt. #17. Movant and Debtor instead filed separate pretrial reports. Dkts. ##39 and 48, respectively. At the hearing, both parties presented oral arguments, and they were each given the opportunity to submit evidence but neither did. Dkt. #63.

Pending before the court is the MTD at Dkt. #14 and the Opposition at Dkt. #26. Having considered the MTD, the Opposition, the pretrial reports, the oral arguments made at the hearing, and the applicable law, and for the reasons stated below, the MTD is hereby denied.

## I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), L. Civ. R. 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. RELEVANT BACKGROUND

In the MTD, Movant argues that immediately before Debtor's filing of its voluntary petition for relief, Movant was enforcing a substantial prepetition state-court judgment against Debtor. Dkt. #14, pp. 2-5. Movant further represents that he had undertaken collection and execution efforts against Debtor's assets, including real property located in Luquillo, Puerto Rico (the "Luquillo Property") and three (3) jet skis. Id. Movant argues that this case should be dismissed with prejudice for "cause" under 11 U.S.C. § 1112(b)(1) asserting that: (i) Debtor filed the petition in bad faith, solely to frustrate enforcement of the state-court judgment and thereby abused the protections afforded by Chapter 11; (ii) Debtor lacked the legal corporate capacity to commence this case; (iii) Debtor lacked the licenses, permits, and other requirements necessary to operate as a going concern; (iv) Debtor's principals engaged in gross mismanagement and concealed assets; and (v) certain prepetition transactions and representations evidenced fraud or other misconduct. Id. at 6-17.

Debtor disputes Movant's assertions. It maintains that the petition was filed for a legitimate bankruptcy purpose: to preserve the Luquillo Property and the three jet skis, which Debtor identifies as its principal assets, to restore or commence income-producing operations, and to maximize value for creditors through the Chapter 11 process. Dkt. #26, pp. 2-4; Dkt. #48, 5–7. Debtor further represents that it remained listed as "active" with the Puerto Rico

Department of State as of the petition date and that it has taken postpetition steps to address asserted operational deficiencies, including matters relating to Department of State fees, merchant-certificate renewal, insurance, and utility services. Dkt. #26, pp. 3-4; Dkt. #48, pp. 14-17. Debtor also disputes Movant's allegations concerning the legal consequences of unpaid annual fees, asset concealment, prepetition loans, management, and the factual predicates for Movant's fraud allegations. Id.; Dkt. #48, pp. 17-18.

The court has not been placed in a position to enter findings concerning the truth of the disputed factual assertions because the parties, especially Movant, failed to present evidence at the evidentiary hearing to prove the factual allegations made. Dkt. #63.

## III. LEGAL STANDARD

Section 1112(b) of the Bankruptcy Code governs conversion or dismissal of a Chapter 11 case. It provides, in pertinent part, as follows:

> Except as provided in paragraph (2) and subsection (c), on request of a party of interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1). Regarding this subsection, the First Circuit Court of Appeals instructs that "when an interested party files a motion to convert or dismiss a Chapter 11 case, the bankruptcy court inquires as follows: does "cause" exist to convert or dismiss the case; and if so, is conversion or dismissal in the best interests of the creditors and the estate?" Hoover v. Harrington (In re Hoover), 828 F.3d 5, 8 (1st Cir. 2016) (citing 11 U.S.C. § 1112(b)(1)). Although the Bankruptcy Code does not exhaustively define "cause" under Section 1112(b), Section 1112(b)(4) provides a nonexclusive, illustrative list of circumstances that may constitute cause for conversion or dismissal. See 11 U.S.C. §§ 102(3), 1112(b)(4). Further, the First Circuit

Bankruptcy Appellate Panel (the "BAP") has held that the movant bears the initial burden of establishing cause for dismissal or conversion under 11 U.S.C. § 1112(b). Efron v. Candelario (In re Efron), 529 B.R. 396, 411 (1st Cir. BAP 2015). The BAP has also stated that the movant must establish cause by a preponderance of the evidence. L&R Dev. & Inv. Corp. v. Román-Ramos (In re L&R Dev. & Inv. Corp.), No. PR 19-044, 2020 Bankr. LEXIS 1025, at *12 (1st Cir. BAP Apr. 13, 2020); see also 7 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 1112.04 (16th ed. 2026).

Regarding allegations of bad faith in Chapter 11 filings, the First Circuit in Fields Station LLC v. Capitol Food Corp. (In re Capitol Food Corp.), 490 F.3d 21, 23-26 (1st Cir. 2007) provides significant guidance. In Capitol Food, the court recognized that authorities were divided on whether a debtor's bad faith filing, standing alone, constitutes "cause" for dismissal under 11 U.S.C. § 1112(b), and observed that the issue remained unresolved in the First Circuit. 490 F.3d at 24. The court further stated that even in cases in which the courts have recognized an implied good-faith filing requirement, the movant must first make a prima facie showing that the petition was filed in bad faith before the burden to demonstrate good faith shifts to the debtor. Id.

In determining whether that threshold showing has been made, Capitol Food directs attention to the circumstances surrounding the filing and, particularly, whether the petition serves a legitimate reorganizational purpose or instead constitutes merely a tactical litigation maneuver. Id. at 24–26. The First Circuit recognized that imminent threats to property essential to a reorganization are precisely the type of financial distress for which Chapter 11 protection may legitimately be invoked. Id. at 25. Likewise, seeking to preserve property and going-concern value that otherwise may be lost outside bankruptcy is consistent with the fundamental purposes of Chapter 11. Id. at 25–26.

Accordingly, the relevant inquiry at this stage is not whether Debtor has conclusively established that its reorganization efforts will ultimately succeed, nor whether the bankruptcy filing conferred a litigation advantage upon Debtor. Rather, the threshold question is whether Movant has made a prima facie showing that the petition was filed in bad faith or otherwise established that cause exists to dismiss the case under 11 U.S.C. § 1112(b) based on the present record. The court finds that he has not.

## IV. DISCUSSION AND FINDINGS

### a. Limited Evidentiary Record

The allegations raised by Movant involve disputed issues of fact, including Debtor's purpose in filing this case, the status of Debtor's alleged corporate deficiencies, the operational condition and potential use of its assets, the existence of alleged concealment of assets, the circumstances surrounding certain loans, and whether Debtor or its principals engaged in fraud or gross mismanagement. The court afforded both parties an opportunity to submit admissible evidence at the evidentiary hearing on September 17, 2026, but neither party did. Dkt. #63. Therefore, the MTD, the Opposition and the pretrial reports identify the parties' respective legal positions and factual contentions, but these filings do not themselves constitute sufficient evidence to resolve contested factual allegations. The court may consider the undisputed procedural history of the case and matters properly reflected in the record. However, the court may not rely exclusively on the factual assertions of counsel, unsworn allegations in pleadings or the pretrial submissions to find bad faith, lack of authority, fraud, concealment or gross mismanagement. And because Movant bears the initial burden of proving cause under Section 1112(b)(1), the absence of competent evidence is material because the court must evaluate each asserted ground with the limited record before it.

**b. Alleged Bad-Faith Filing**

Movant's principal argument rests on the timing of the Chapter 11 petition. Movant emphasizes that the petition was filed after the entry of a substantial state-court judgment, after liens had been registered over Debtor's assets, while enforcement proceedings were pending, and shortly before foreclosure of Debtor's real and personal property. Dkt. #14, pp. 2-5. Movant therefore characterizes the bankruptcy filing as a tactical maneuver designed to invoke the automatic stay and prevent enforcement of an adverse state-court judgment. Id. at 7. Debtor does not dispute that execution against its assets was imminent when bankruptcy was sought. Dkt. #48, p. 3. Rather, Debtor argues that this fact, without more, does not establish bad faith.

The automatic stay is one of the fundamental protections afforded by bankruptcy law, and the fact that a debtor invokes Chapter 11 at a time when execution, foreclosure, or another substantial collection action is imminent does not, in and of itself, establish an improper bankruptcy purpose. In Capitol Food, as in this case, the debtor commenced Chapter 11 to prevent the imminent loss of property that was essential to its proposed reorganization. 490 F.3d at 25. Here, Debtor maintains that the record reflects that the bankruptcy filing was not done to merely delay the execution of the judgment indefinitely. Debtor argues that the Luquillo Property and the three jet skis constitute approximately ninety-seven percent of Debtor's assets and that preserving those assets will permit rental income and other operations to generate a distribution to unsecured creditors that would not otherwise be available if the execution of the judgment was effected. Dkt. #48, pp. 5-7.

Importantly, the court need not determine today whether those projections will prove correct, let alone whether Debtor will ultimately succeed in reorganizing. Those questions remain for another day. Instead, at this early stage, the narrow question presently before the court

is whether Movant has established cause for dismissal by demonstrating, by a preponderance of the evidence, that Debtor invoked the bankruptcy process without a bona fide reorganizational purpose. The present record demonstrates that Movant has not met his burden. The existence of an adverse state-court judgment does not, in and of itself, establish bad faith. The court does not sit as an appellate tribunal over the state court, and nothing in this Opinion and Order disturbs the validity or enforceability of any final state-court judgment to the extent otherwise provided by applicable law. But the existence of an adverse state-court judgment near its execution does not categorically deprive Debtor of the protections afforded by the Bankruptcy Code.

Accordingly, Movant's theory asks the court to infer bad faith principally from the convergence of three circumstances: the adverse state-court judgment, the imminence of foreclosure of Debtor's property, and the filing of the Chapter 11 petition before that foreclosure could take place. This sequence permits the inference that the bankruptcy filing was intended, at least in substantial part, to stop Movant's collection efforts. But Capitol Food instructs that this is not the end of the inquiry: the relevant distinction is between a petition filed merely to obtain a tactical litigation advantage and one filed in the face of imminent financial distress to preserve property necessary for a bona fide reorganization. 490 F.3d at 24-26. Here, the Luquillo Property constitutes the principal asset Debtor contends it needs to effectively reorganize.

The petition therefore did more than alter the forum or postpone the consequences of state-court litigation. It preserved property that Debtor identifies as necessary to generating value through the Chapter 11 reorganization process. Therefore, the court cannot conclude, based on the current record, that the petition was filed merely as a tactical maneuver rather than an invocation of Chapter 11 to preserve assets from imminent dismemberment while Debtor attempts to reorganize.

**c. Debtor's Legal Corporate Capacity**

Movant also contends that Debtor lacked the legal corporate capacity to commence this case. Debtor disputes this assertion which consequently implicates several distinct issues: whether Debtor continued to legally exist as a corporate entity under Puerto Rico law on the petition date; whether Debtor was in good standing or authorized to conduct business; whether the individuals who authorized the bankruptcy filing possessed authority to do so under Debtor's governing documents and applicable law; and whether any asserted delinquency affected Debtor's ability to seek bankruptcy relief. The court cannot resolve these issues on the present record.

Movant contends that Debtor lacked legal capacity because of its alleged failure to comply with Puerto Rico corporate law requirements (Dkt. #14, pp. 7-11) but Movant did not submit admissible evidence supporting his assertions. Debtor responds that it remained listed as "active" with the Puerto Rico Department of State when the petition was filed (Dkt. #26, pp. 3-4) and argues that, since the petition date, it has taken steps to restore its assets to productive use, including addressing Department of State fees, renewing its merchant certificate and insurance, and reconnecting utility services to the Luquillo Property. Dkt. #48, pp. 15-17. Crucially, Debtor's representations do not conclusively establish that the petition was in fact duly authorized as of the petition date. Nevertheless, Movant bears the initial burden of establishing cause for dismissal or conversion under 11 U.S.C. § 1112(b).

As such, on the present record, the court cannot conclude that the alleged corporate non-compliance automatically terminated Debtor's existence or rendered it legally incapable of commencing this case, nor can the court find, without evidence, that the petition was

unauthorized under Debtor's governing documents or applicable Puerto Rico law. Therefore, the court declines to find cause for dismissal based on Debtor's lack of legal capacity.

**d. Licenses, Operations, and Rehabilitation**

Movant also argues that Debtor had no meaningful business operations as of the petition date; generated no income; lacked employees, an accountant, and an operating bank account; had insufficient or inactive utilities; lacked required licenses or permits; and allegedly used the Luquillo Property as a private residence. Dkt. #14, pp. 9-11. The court does not minimize these contentions as they may bear on Debtor's prospects for rehabilitation and its ability to lawfully conduct future operations. Assuming Debtor's proposed income stream depends on a merchant certificate, insurance, utilities, municipal authorization, or other regulatory requirements, Debtor must establish compliance when it seeks to operate and when it seeks confirmation of a plan. And Debtor's statements that it is addressing operational deficiencies do not necessarily establish that it is presently authorized or able to conduct business.

Nevertheless, an impaired, interrupted, inactive, or dormant business is not automatically barred from seeking bankruptcy relief. Chapter 11 may be used to preserve, restructure, sell, or restore a distressed business or its assets when doing so can create value for the estate. The relevant question is whether the record establishes a lack of any legitimate reorganization objective under the petition. Movant offered no evidence identifying the licenses, permits, approvals, or operational arrangements allegedly required; establishing that the Debtor lacked them on the petition date; demonstrating that the alleged deficiencies precluded every proposed use of the assets; or showing that any deficiency could not be cured. Therefore, the court does not find cause under Section 1112(b) based upon the asserted operational deficiencies. This determination is limited to the current record and does not relieve Debtor of its obligations to

maintain insurance, comply with applicable law, preserve estate assets, and satisfy all duties of a debtor-in-possession.

**e. Alleged Prepetition Misconduct, Fraud, and Asset Concealment**

Additionally, Movant relies on allegations concerning Debtor's claimed prepetition mismanagement, purported concealment of assets, alleged discrepancies regarding the three jet skis, circumstances surrounding prepetition loans, and conduct that culminated in the state-court judgment. Dkt. #14, pp. 6–17. These allegations are serious and, if proven with sufficient evidence, such conduct may be relevant to the amount, validity, priority, or treatment of a creditor's claim; relief from the automatic stay; appointment of a trustee or examiner; objections to confirmation; estate causes of action; turnover or avoidance claims; or other remedies available under the Bankruptcy Code and applicable law.

Nevertheless, alleged prepetition misconduct, standing alone, does not automatically establish cause for dismissal under Section 1112(b). Movant must establish a sufficient connection between the alleged misconduct and abuse of the bankruptcy process. For example, Movant must prove that the petition was filed to perpetuate fraud, conceal estate property, evade a specific bankruptcy obligation, obstruct the administration of the estate, or otherwise use Chapter 11 for an improper purpose. At this time, no such evidentiary showing has been made. Further, with respect to Movant's concealment theory, Debtor represents that its Schedules disclose the Luquillo Property and the three jet skis. Dkt. #48, pp. 17–18. If Movant believes that those disclosures are incomplete, inaccurate, misleading, inconsistent with prior representations, or omit material information concerning ownership, value, condition, location, liens, proceeds or transfers, Movant may prove that contention after conducting appropriate discovery.

However, on the present record, the court cannot conclude that there was concealment of assets, only a factual dispute about assets, their status, or their prior treatment. Similarly, Movant's allegations concerning fraudulent loans and the conduct underlying the state-court judgment have not been established through evidence in this contested matter. The court does not determine whether any prepetition conduct was proper, improper, fraudulent, or actionable. It only holds that Movant has not demonstrated, by a preponderance of the evidence, that such allegations establish cause for dismissal or conversion of this Chapter 11 case.

**f. Scope of Findings**

Lastly, the court notes that it is not insulating Debtor from the requirements of the Bankruptcy Code nor is it resolving the allowance or treatment of Movant's claim. The court holds that the present record does not satisfy Movant's threshold burden. And, because Movant has failed to make the required prima facie showing for cause, the court need not proceed to the second step of the Section 1112(b)(1) inquiry, i.e., to determine whether dismissal or conversion would be in the best interests of creditors and the estate.

## V. CONCLUSION

For the foregoing reasons, the Emergency Motion to Dismiss Chapter 11 Petition with Prejudice For "Cause," Bad Faith, Fraud, Statutory Non-Compliance, and Lack of Legal Capacity filed at Dkt. #14 is hereby denied.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September 2026.

María de los Ángeles González
United States Bankruptcy Judge